Dorothy CROOKER, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 17035, 17036.

United States Court of Appeals Eighth Circuit.

Dec. 13, 1963.

Alfred J. Weinberg, Duluth, Minn., for appellant.

Edward J. Drury, Asst. U. S. Atty., Minneapolis, Minn., and Miles W. Lord, U. S. Atty. for District of Minnesota, on the brief, for appellee.

Before JOHNSEN, Chief Judge, and MATTHES and RIDGE, Circuit Judges.

JOHNSEN, Chief Judge.

Appellant has died during the pendency of these two criminal appeals. The causes thus have abated and the appeals accordingly must be dismissed. List v. Pennsylvania, 131 U.S. 396, 9 S.Ct. 794, 33 L.Ed. 222; Menken v. City of Atlanta, 131 U.S. 405, 9 S.Ct. 794, 33 L.Ed. 221; United States v. Johnson, 319 U.S. 503, 520, 63 S.Ct. 1233, 1241, 87 L.Ed. 1546; Singer v. United States, 323 U.S. 338, 346, 65 S.Ct. 282, 286, 89 L.Ed. 285; Rossi v. United States, 8 C.C.A., 21 F.2d 747.

Our expression that "the causes have abated"—not just the appeals—has been taken from the List, Menken and Rossi cases. The courts of appeals for other circuits have used varying terms in their expression of the abatement produced by the appellant's death in a criminal case, but there appears to be no difference in the nature or scope of the abatement which they have thus recognized.

The Ninth Circuit has used the expressions, "The * * * cause of action abated upon the death of the defendant", United States v. Dunne, 9 C.C.A., 173 F. 254, 258, and, "As to the defendant-appellant * * *, who died since his appeal was perfected, the criminal action has abated", Baldwin v. United States, 9 C.C.A., 72 F.2d 810, 812.

The Seventh Circuit has used the expressions, "the judgments abated", McGovern v. United States, 7 C.C.A., 280 F. 73, 74, and, "Being criminal, the judgment is abated by the death of the plaintiff in error", Pino v. United States, 7 C.C.A., 278 F. 479, 483.

The Fifth Circuit has used the expression, "the penalty abated with the death of the defendant", Dyar v. United States, 5 C.C.A., 186 F. 614, 623, in a case where a fine of $1,000.00 was involved. In another case, United States v. Theurer, 5 C.C.A., 213 F. 964, 966, where the Government was attempting to make collection of a penalty against the heirs of a deceased defendant, the statement made was that "the original action abated by the death of Gaspard Theurer". In a comparatively recent case, Daniel v. United States, 5 Cir., 268 F.2d 849, 850, the language of the court was that "a criminal prosecution abates ab initio upon the death of an appellant".

The Second Circuit has dealt with the matter of abatement in such a situation, United States v. Mook, 2 C.C.A., 125 F.2d 706, by simply stating that "The authorities give us no alternative but to dismiss the appeal", citing as authorities relied on the Dunne, Dyar, Theurer, Pino and Rossi decisions, supra. As further authority, the court added United States v. Pomeroy, C.C.S.D.N.Y., 152 F. 279 (reversed on other grounds in United States v. New York C. & H. R. R. Co., 2 C.C.A., 164 F. 324), which had similarly declared that the death of a defendant in a criminal case abated the proceeding, including the judgment for a fine entered therein, which had not been collected.

The Sixth Circuit, in dictum in a civil case, Howard v. Wilbur, 6 C.C.A., 166 F.2d 884, 885, observed that "the rule in criminal cases is that the death of a defendant pending appeal abates the appeal". It is apparent, however, that this constituted mere general expression, and was not intended as a delimitation of or disagreement with the concept of the cases above, that the death of a defendant produces an abatement of the "cause", the "action", the "judgment", and the "penalty", and not simply of the status or stage which has been reached in the case at the time of the death.

The authorities which the court took occasion to cite for its statement were List v. Pennsylvania, supra, 131 U.S. 396, 9 S.Ct. 794, 33 L.Ed. 222, and State v. Kriechbaum, 219 Iowa 457, 258 N.W. 110, 96 A.L.R. 1317. The language of the List case, as we have pointed out, was, not that the appeal, but that the "cause" had abated. The Kriechbaum case was even more specific or amplified in its expression, that "the death of a defendant in a criminal prosecution abates the action" and that "(t)he abatement applies not only to the pending proceedings in the appellate court, but applies likewise to all procedure had ab initio in the court below, including the verdict and judgment of conviction". 258 N.W. at 110.

Some of the cases to which we have referred and a comprehensive list of state decisions have been made the subject of an Annotation in 83 A.L.R.2d 864–872, and their effect has been summarized by the editor as follows (p. 864): "Although there is some authority reaching a contrary result, most of the few courts which have considered the matter have recognized the rule that the death pending appeal of a defendant convicted of a criminal offense abates not only the appeal, but likewise all proceedings had in the prosecution from its inception".

The expressions of the federal courts of appeal set out above (and these are all the reported cases of these courts that we have found) seem to us unanimously to be of this effect. As to the decisions of the Supreme Court, the only ones that we have found where any direct expression on abatement has occurred are the List and Menken cases, supra, in which the language used was that "this cause has abated".

In United States v. Johnson, 319 U.S. 503, 63 S.Ct. 1233, 87 L.Ed. 1546, dismissal of a certiorari proceeding as to a defendant who had died during its pendency was made on the following statement, without use of the term "abatement" or expression upon its scope (319 U.S. at 520, footnote 1, 63 S.Ct. at 1241):

"After the case came here, the Government asked that the petition as to Flanagan, who had died, be dismissed. Accordingly, we dismiss the writ as to Flanagan and leave the disposition of the fine that was imposed on him to the Circuit Court of Appeals. See United States v. Pomeroy, 152 F. 279, reversed in 164 F. 324."

Again, in Singer v. United States, 323 U.S. 338, 346, 65 S.Ct. 282, 286, 89 L.Ed. 285, the Court similarly, without any expression on abatement, made dismissal as to a defendant who had died during the pendency of the proceeding, as follows:

"We have been advised that Martin H. Singer died on October 1, 1944. The writ is accordingly dismissed as to him (Menken v. Atlanta, 131 U.S. 405 [9 S.Ct. 794, 33 L. Ed. 221]; United States v. Johnson, 319 U.S. 503 [505], 520 [63 S.Ct. 1233, 87 L.Ed. 1546]) and the cause is remanded to the District Court for such disposition as law and justice require. United States v. Pomeroy, 152 F. 279, rev'd 164 F. 324; United States v. Dunne, 173 F. 254."

These statements would seem to intend no implication on what the scope of the abatement was which had occurred, but to leave that matter entirely to the lower courts—in the one case to the Circuit Court of Appeals and in the other to the District Court. Indeed, if the lower courts, to which the causes were remand-

ed, were to search for any implication, this could reasonably be deemed only to lie in the Court's citation of the Menken, Pomeroy and Dunne cases.

On that basis, there could be no question as to the result which would be reached. We may add that, on the remand made to the Seventh Circuit Court of Appeals in the Johnson case, for "disposition of the fine", we can find no indication in the Digest or the Citator that this was done by any published opinion or order. Presumably, disposition was made by routine order on the basis of the Seventh Circuit's previous holdings in the McGovern and Pino cases, supra, that the "judgment" itself had abated. In the Singer case, no fine was involved, so that disposition on the remand presumably would consist in closing the records on the suspended sentence imposed and the probation granted.

It further may be observed that, while under 18 U.S.C. § 3565 a judgment of fine in a criminal case "may be enforced by execution against the property of the defendant in like manner as judgments in civil cases", this is merely an enactment of the rule of the common law. United States v. Pomeroy, supra, 152 F. at 280.

A fine is not something to which the United States is entitled by way of compensation or damages, but only as a matter of punishment being thereby meted upon the defendant. "It was imposed as a punishment of the defendant for his offense. If, while he lived, it had been collected, he would have been punished by the deprivation of that amount from his estate; but, upon his death, there is no justice in punishing his family for his offense."[1] Id. 152 F. at 282. The status of a fine as punishment is recognized by 18 U.S.C. § 3570, in its reference to "two kinds of punishment,

the one pecuniary and the other corporal".

This opinion has been engaged in because one of the judgments here involves a fine, as well as a term of imprisonment.

Appeals dismissed.

---

1. In some states the matter of abatement in criminal cases is covered by specific statute. In one state, even without a statute, the concept that the death of a defendant abates all proceedings in the case from its inception has been allowed

application as to a fine only where the proceeding was still pending, as on an appeal, and the judgment thus had legally not become final. See State v. Rutledge, 243 Iowa 201, 50 N.W.2d 801.