**UNITED STATES of America, Appellee,**

v.

**David E. MORTON, Appellant.**

No. 78–1506.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 9, 1979.

Decided Feb. 6, 1979.

James M. Martin, Rau & Martin, St. Louis, Mo., on brief for appellant.

Fred Buckles, Asst. U. S. Atty., St. Louis, Mo., for appellee; Robert D. Kingsland, U. S. Atty., St. Louis, Mo., on brief.

Before GIBSON, Chief Judge, ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

David E. Morton appeals from a jury conviction on one count of conspiracy to transport stolen vehicles in interstate commerce and four counts of substantive violations of the Dyer Act. 18 U.S.C. § 2313.[1] He contends that the District Court[2] erred by restricting cross-examination of Government witnesses, by refusing to grant a mistrial following a question by Government counsel, and by admitting into evidence statements and acts of alleged co-conspirators. Finally, he urges that the evidence was insufficient to support the verdict. We affirm the judgment.

■ During the cross-examination of two policemen serving as Government witnesses, defense counsel sought to elicit statements made to them by a Federal Bureau of Investigation agent concerning the investigation of this case. The District Court sustained the Government's objection that the testimony would be hearsay. This ruling was correct. Subsequently, defense counsel properly brought out the substance of these statements in his cross-examination of this agent when he took the stand.

■ During redirect examination of a witness who was a victim of the counterfeit check scheme used to procure the vehicles transported interstate, Government counsel asked whether there was a "good market for the theft of Corvettes." This drew an immediate objection and a request for a mistrial. In the context of the entire trial this comment cannot be considered so offensive and prejudicial that it denied appellant a fair trial by preventing the jury from exercising freedom of judgment and thought in its deliberations. *See United States v. Phillips,* 482 F.2d 191, 196 (8th Cir.), *cert. denied,* 414 U.S. 1114, 94 S.Ct. 846, 38 L.Ed.2d 741 (1973).

■ The District Court permitted statements and acts of alleged co-conspirators to be admitted into evidence, but never made a specific finding on the record that the acts and statements were made during the course and in furtherance of a conspiracy of which appellant was a member. In *United States v. Bell,* 573 F.2d 1040, 1043–45 (8th Cir. 1978), this court set guidelines regarding the admissibility of a co-conspirator's statement. It is unfortunate that although this opinion was examined by the counsel and the court below, our instruction to make a formal judicial finding of admissibility was not followed. This failure is, at least in part, attributable to the conduct of defense counsel. The transcript reveals that he never specifically objected to the admissibility of this evidence; instead, he requested the court to instruct the jury that they may consider such evidence only if a conspiracy is shown to exist and the defendant is found to be a member. Since the issue of admissibility must be decided by the court rather than the jury, defense counsel did not present the court with an appropriate objection to the admissibility of

---

1. 18 U.S.C. § 2313 provides:

   Whoever receives, conceals, stores, barters, sells, or disposes of any motor vehicle or aircraft, moving as, or which is a part of, or which constitutes interstate or foreign commerce, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

2. The Honorable John K. Regan, Senior Judge, United States District Court for the Eastern District of Missouri.

the evidence. Furthermore, we find that the failure to make an explicit determination for the record regarding admissibility did not in this case constitute reversible error. The District Court's conduct indicates that it found by a preponderance of the evidence that the statements and acts were made during the course of and in furtherance of a conspiracy of which appellant was a member. The absence of a formal determination of admissibility did not prejudice or affect any substantial rights of appellant.

Finally, we reject the argument that the evidence presented at trial was insufficient to establish Morton's knowledge of the stolen character of the vehicles transported. Substantial circumstantial evidence and the direct testimony of one of the participants indicate that appellant was fully aware of the counterfeit check scheme employed by other co-conspirators to obtain possession of the vehicles.

Judgment affirmed.