**UNITED STATES of America, Appellee,**

v.

**David Eugene MORTON, James M. Martin, Appellant.**

**No. 80–1163.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1980.

Decided Dec. 23, 1980.

Martin, Bahn & Cervantes, James M. Martin argued, St. Louis, Mo., for appellant.

Robert D. Kingsland, U. S. Atty., Robert T. Haar, Asst. U. S. Atty., argued, Joseph B. Moore, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before LAY, Chief Judge, and BRIGHT and McMILLIAN, Circuit Judges.

McMILLIAN, Circuit Judge.

This civil appeal arises out of defendant David E. Morton's conviction on five counts of interstate transportation of stolen motor vehicles, *United States v. Morton*, 591 F.2d 483 (8th Cir.), *cert. denied*, 441 U.S. 950, 99 S.Ct. 2177, 60 L.Ed.2d 1054 (1979). He was sentenced to prison and fined a total of $5,000. James M. Martin, attorney for defendant, seeks appellate review of the district court's decision granting the government's motion, filed after Morton's death, for payment of the fine from the $5,000 cash bond deposited in the registry of the court. 28 U.S.C. § 1291. For the reasons discussed below, we reverse.

I. *Background*

Morton was charged by indictment with five counts of interstate transportation of stolen motor vehicles. In April, 1978, he posted a $5,000 appearance bond to secure a $50,000 surety bond. He was subsequently tried, convicted, and sentenced to five five—year terms to be served concurrently and fined a total of $5,000.

Morton was released on bond pending appeal. In July, 1978, the government filed a motion to require Morton to deposit the $5,000 fine with the court pending his appeal. The district court entered an order pursuant to Fed.R.Crim.P. 38(a)(3)[1] requiring the $5,000 cash bond be held as security for the fine imposed.

On appeal this court affirmed Morton's conviction, *United States v. Morton*, 591 F.2d 483 (8th Cir.), *cert. denied*, 441 U.S. 950, 99 S.Ct. 2177, 60 L.Ed.2d 1054 (1979). After Morton began serving his sentence in March, 1979, he died in custody five months later.

On January 17, 1980, apparently unaware of defendant's death, the government filed a motion to obtain payment of the fine from the cash bond deposited in the registry of the court. Following the government's motion, appellant James M. Martin, Morton's attorney, filed a motion in opposition based on an alleged prior assignment of the cash bond as partial payment of attorney's fees. Appellant argued that all fines and punishments abated when Morton died on July 4, 1979. Thereafter, the government filed a memorandum asserting that the fine

---

1. Rule 38(a)(3) provides:

    Fine. A sentence to pay a fine or a fine and costs, if an appeal is taken, may be stayed by the district court or by the court of appeals upon such terms as the court deems proper. The court may require the defendant pending appeal to deposit the whole or any part of the fine and costs in the registry of the district court, or to give bond for the payment thereof, or to submit to an examination of assets, and it may make any appropriate order to restrain the defendant from dissipating his assets.

had been constructively paid to the United States pursuant to the court order applying Fed.R.Crim.P. 38(a)(3). The district court subsequently ordered the fine assessed against defendant be satisfied by transferring the $5,000 bond to the United States government.

II. *Analysis*

In criminal cases, unlike civil actions, death of a defendant abates the penalty. *United States v. Moehlenkamp*, 557 F.2d 126 (7th Cir. 1977); *United States v. Fairfield*, 526 F.2d 8 (8th Cir. 1975). This long–standing principle has been applied in instances involving the death of a criminal defendant pending appeal.[2] Today, we extend that principle to apply to a case where death occurs post conviction and appeal but prior to collection of the fine.

The first United States case that applied this principle was *List v. Pennsylvania*, 131 U.S. 396, 9 S.Ct. 794, 33 L.Ed. 222 (1888). In *List*, the Supreme Court dismissed a writ of error in a criminal case because of the death of the accused. Since that time, the Supreme Court and other federal courts have used varying terms in their expression of the abatement principle when defendant dies in a criminal case.

*Crooker v. United States*, 325 F.2d 318, 319 (8th Cir. 1963), is the controlling case in this circuit. In *Crooker*, the court held that a criminal cause abated and judgment would be dismissed when defendant died during pendency of appeal. *Id.* at 320; *see also United States v. Littlefield*, 594 F.2d 682 (8th Cir. 1979). The defendant in *Crooker*, like Morton, died with an uncollected fine. The only distinction in the two cases is their procedural posture. In *Crooker*, the appeal was pending at the time of death; thus, final judgment on the merits was not yet received. In the case at bar, the defendant died after his conviction had been affirmed and certiorari had been de-

nied, but before the imposed fine had been collected. The difference in procedural posture need not require a different result because in both instances the death of the defendant forestalls further punishment. In our view, an uncollected fine in a criminal case is comparable to the balance of the defendant's prison sentence; the uncollected fine, like the remaining sentence, abates with death.

This is a case of first impression because of its unique procedural context. A similar question was, however, presented in *United States v. Pomeroy*, 152 F. 279 (S.D.N.Y. 1907), which involved a $6,000 fine imposed against a criminal defendant who died before the fine could be enforced. The court declared that the fine was not awarded as compensation to the United States, but was imposed as a punishment of the defendant for his offense. The court reasoned that if the fine had been collected while the defendant was alive the defendant would have been punished by the deprivation of the amount of his financial resources, but, upon his death, there is no justice in punishing others for his offense. *Id.* at 279; *see also Crooker v. United States, supra*, 325 F.2d at 321. The policy reasons justifying the application of the abatement principle during the pendency of litigation also support the extension of the doctrine when death occurs after conviction but prior to collection of the fine.

*Dyar v. United States*, 186 F. 614 (5th Cir. 1911), supports a decision that the fine imposed against defendant Morton abated *ab initio* because it remained uncollected at the time of his death.[3] In *Dyar*, the government attempted to satisfy an outstanding fine that resulted from a criminal conviction from $1,000 previously deposited in the registry of the court pursuant to a court order. In denying the government's motion for payment, the court noted, "We

---

2. Although there is some authority reaching a contrary result, most of the courts which have considered this matter have recognized the rule that the death pending of appeal of a defendant convicted of a criminal offense abates not only to the appeal but likewise all proceedings held in prosecution of this matter from its inception.
83 A.L.R.2d 864–72.

3. The court does not speculate on the outcome of cases involving partially enforced fines or post–conviction fines that could not have been collected prior to death.

are of the opinion that the penalty abated with the death of the defendant. This would be true whether the judgment had been reversed or affirmed." *Id.* at 623.

The government's reliance on *United States v. Widen*, 38 F.2d 517 (N.D.Ill. 1930), is misplaced. This is not a bail case; Morton's appearance was not at issue. Further, the court concedes that, because the bonds were the property of Morton, the government could have, by proper procedure, enforced payment of the fines out of the same. The enforcement procedure, however, must have been instituted prior to Morton's death.[4]

We find that the uncollected fine abated with the death of the defendant.[5] Accordingly, the judgment of the district court is reversed.[6]

---

4. Failure to collect the fine prior to death puts the government in the position of attempting to collect a fine based on a cause of action that no longer exists. A cash bond may be used to secure an imposed fine but may not be used to satisfy the judgment after the defendant's death.

5. Morton's conviction remains intact after death because it was duly affirmed. *Cf. Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). Only the unserved portion of the sentence and the uncollected fine abated upon his death.

6. The $5,000 currently held by the government pursuant to the district court order shall remain in the court registry. Proceedings shall thereby be implemented to ascertain the person, or persons, that have legitimate claims to the money deposited. The court expresses no opinion regarding the merits of the collateral issue of Morton's alleged assignment of the bond to Martin, his attorney.