**UNITED STATES of America**

v.

**Thomas J. BOWLER.**

**No. 77 CR 192.**

United States District Court, N. D. Illinois, E. D.

April 23, 1982.

John L. Burley, Edward J. Smith, James J. Kubik, Dept. of Justice, Chicago, Ill., for plaintiff.

Michael D. Sher, Sherre Binik Levene, Friedman & Koven, Chicago, Ill., for defendant.

MEMORANDUM OPINION

FLAUM, District Judge:

This matter is before the court on two motions. The government first moved to direct the Clerk of the Court to call an irrevocable letter of credit and pay over the entire amount to the Treasury of the United States. The defendant opposed that motion and orally moved to abate the $75,-000.00 fine for which the letter of credit was deposited with the Clerk of the Court. For the reasons stated below, the defendant's motion to abate the fine is granted and the government's motion to call the irrevocable letter of credit is denied.

Because the procedural history of this case is relevant to the disposition of these motions, it will be recounted here. After a jury trial in December 1977, defendant Thomas J. Bowler was convicted on one count of a Sherman Act violation and on thirty-seven counts of mail fraud. He was then sentenced to thirty months imprisonment and fined $75,000.00 on the Sherman Act charge and $1,000.00 on each mail fraud charge. On June 8, 1979, the defendant's conviction was affirmed by the court of appeals and the Supreme Court denied defendant's petition for a writ of certiorari on October 1, 1979. Defendant then served his prison sentence and paid $37,000.00 of the $112,000.00 in fines imposed. Defendant moved to correct the judgment entered on the Sherman Act count, upon which the $75,000.00 fine was imposed. The motion was denied, but this court stayed execution of the $75,000.00 fine pending appeal. As a condition of the stay, defendant was ordered to deposit with the Clerk of the Court an irrevocable letter of credit in the amount of $75,000.00.[1]

On February 25, 1981, the denial of defendant's motion to correct sentence was affirmed. Two weeks later the defendant died. The day after defendant's death, his attorneys moved in the court of appeals for an extension of time for filing a petition for rehearing or rehearing en banc. Such extension was granted to April 10, 1981 and again to May 6, 1981. On June 10, 1981, the court of appeals denied a third extension of time and on June 18, 1981, the court issued its mandate. On October 16, 1981, the government filed its motion in this court requesting an order directing the Clerk of the Court to draw and pay into the Treasury of the United States the entire amount of the letter of credit.

In opposition to the government's motion and in support of the motion to abate the fine, defendant's attorneys rely on the principle that the death of a defendant abates a criminal prosecution from its inception, including the entry of judgment and the penalty or sentence imposed. In addition, it is argued that the same issue presented in this case has been resolved by the Court of Appeals for the Eighth Circuit in *United States v. Morton*, 635 F.2d 723 (8th Cir. 1980). In that case, the defendant had been required to post a $5,000.00 appearance bond to secure a $50,000.00 surety bond after arraignment. The defendant was then tried, convicted, sentenced to five years imprisonment and fined $5,000.00. The defendant was released on bond pending appeal, but the court ordered the $5,000.00 cash bond held as security for the fine. The conviction was affirmed on appeal and the defendant began serving his sentence. Five months later, the defendant died in custody. Approximately four months thereafter the government moved to obtain payment of the fine from the cash bond. Such an order was entered by the district court. The court of appeals reversed this order, reasoning that the principle of abatement which applies when a criminal defendant dies pending appeal of his conviction should apply where death occurs after conviction and appeal, but before collection of a fine.

The government presents three arguments in response to defendant's motion to abate the fine. First, it contends that *United States v. Morton*, 635 F.2d 723 (8th Cir. 1980), is limited to its facts and distinguishable from this case. The government submits that in *Morton* the fine could have been collected during the four month period after the conviction was affirmed and before the defendant died and that the court specifically indicated it was not addressing a situation where a fine could not be collected before death. *See* 635 F.2d at 725 n.3. Second, the government argues that *Morton* was wrongly decided because the abatement principle should not be extended to fine collection matters for several reasons. The government submits that considerable judicial and prosecutorial efforts are expended in the trial and appeal of

---

1. The letter of credit was issued on October 24, 1979. It will not expire until April 23, 1982, after two extensions.

criminal defendants, which efforts will not be vindicated if fines are abated after a defendant's death. In addition, the government contends that when all of a defendant's appeals are exhausted, a fine imposed is final and to abate it after the defendant's death would unjustly enrich the defendant's estate. Further, the government suggests that abatement of fines would "only serve to encourage frivolous post-affirmance motion practice where [a] defendant's age or physical condition together with the size of the fine warrant such efforts". The government's final argument in opposition to abatement of the fine in this case is that the Supreme Court has recently retreated from the principle of complete abatement in the case of *Dove v. United States*, 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976).

■ It is well-established that the death of a criminal defendant pending appeal of his conviction abates the criminal prosecution from its inception. *Durham v. United States*, 401 U.S. 481, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971);[2] *United States v. Moehlenkamp*, 557 F.2d 126 (7th Cir. 1977). Thus, not only should the appeal be dismissed in such circumstances, the judgment of conviction should also be vacated and the indictment dismissed. *United States v. Moehlenkamp, supra; Crooker v. United States*, 325 F.2d 318 (8th Cir. 1963). Such dismissals, of course, would also vacate any remaining sentence of imprisonment and fine imposed upon the conviction. In deciding that this same result should occur after conviction is final but before collection of a fine, the Court of Appeals for the Eighth

Circuit stated that whatever the procedural posture of a case, the death of the defendant forestalls further punishment. *United States v. Morton*, 635 F.2d 723, 725 (8th Cir. 1980). Thus, the court reasoned that an uncollected fine in a criminal case is comparable to the balance of a defendant's prison sentence so that the uncollected fine, like the remaining sentence, abates. *Id.* Further, the court noted that a criminal fine is not awarded as compensation to the United States. Rather, a fine is a punishment for the defendant's offense and there is no justification for continued punishment after the defendant's death.

■ This court is not persuaded that the *Morton* decision is distinguishable on its facts or that its reasoning is unsound. *Morton* did present a case where the government could have, but did not collect the fine before the defendant's death. However, *Morton* is in no way dependent upon some assessment that the government wasted an opportunity or was dilatory.[3] Rather, the court simply reasoned that once the defendant is dead, there is no longer a justification for the fine. Although the *Morton* court did note that it would not speculate on a case where a fine could not have been collected before death, it did not indicate what was meant by "could not have been collected" nor why that fact might make a difference. If the *Morton* court was referring to a situation where the defendant had no assets with which to satisfy the fine before death, then the court's footnote limitation has no application here.[4] The "could not

---

**2.** In *Durham v. United States*, 401 U.S. 481, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971), the defendant died while his petition for certiorari was pending before the Supreme Court. The Court then granted certiorari, vacated the judgment below, and remanded the case to the district court with instructions to dismiss the indictment. In *Dove v. United States*, 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976), the Court was presented with the same situation, but it resolved it differently. The petition for certiorari was dismissed and the Court stated that to the extent such a disposition was inconsistent with *Durham*, that much of *Durham* was overruled. The Seventh Circuit has interpreted *Dove* to overrule *Durham* only with respect to the ap-

propriate disposition of moot petitions for certiorari. *United States v. Moehlenkamp*, 557 F.2d 126 (7th Cir. 1977).

**3.** Even if this were a relevant factor, in this case the government waited four months after the Seventh Circuit's mandate to attempt to collect the fine via the letter of credit.

**4.** The government has never specifically stated why it was unable to collect the fine before defendant's death. Presumably, though, it was because the mandate from the Seventh Circuit had not been issued. There has been no suggestion on this motion that defendant was financially unable to pay the fine and the exist-

collect" notation might refer to a situation such as the one in this case where the final mandate from the court of appeals had not been issued. Yet, in that situation the posture of the case is more like that of one on direct appeal of a conviction because the judgment is not final, at least as to the $75,000.00 fine. Thus, application of the principle of abatement in this situation is just as appropriate, if not more, as in *Morton.*

Finally, the government's contention that the decision in *Morton* is wrong because fine collection matters should be treated differently than appeals of convictions is unpersuasive. The government states that it is sensible to dismiss an appeal when a criminal defendant dies because to do otherwise would be an inefficient use of resources. In contrast, the government suggests that the collection of a fine after judgment would not be an inefficient use of resources and if a fine is not collected, the substantial efforts of the court and prosecutors would not be vindicated. However, the principle of abatement is not based entirely upon a policy favoring the efficient use of judicial resources. If it were, then criminal appeals only would be dismissed, not the underlying judgment and indictment. Instead, as the *Morton* court suggested, the rationale of the principle of abatement is that an indictment, conviction and sentence are charges against and punishment of the defendant and if the defendant is dead, there no longer is a justification for them. Thus, whether a criminal defendant dies pending appeal of his conviction or dies before a fine is collected, the principle of abatement applies.[5] Therefore, this court follows the *Morton* decision [6] and abates the remaining $75,000.00 fine imposed upon Thomas J. Bowler.

ence of the letter of credit would refute such a contention.

5. Of course, it does not apply to fines already paid, since the purposes of the fines were served insofar as they denied defendant some of his resources before his death. *United States v. Morton,* 635 F.2d 723, 735 (8th Cir. 1980).

6. The court finds no merit in the government's argument that abating this fine will encourage

'Accordingly, defendant's motion to abate the fine is granted and the government's motion to direct the Clerk of the Court to call the irrevocable letter of credit is denied.

It is so ordered.

other post-affirmance appeals of fines. As pointed out by defendant's attorneys, it is difficult to conceive of other defendants "buying time" for purposes of dying before a fine could be collected. In addition, the contention that the Supreme Court has retreated from a strong rule on abatement is contrary to the Seventh Circuit's interpretation of *Dove v. United States,* 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976). *See* footnote 2, *supra.*