**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Richard E. SCHUSTER, M.D.,
Defendant-Appellant.**

**No. 84–4705.**

United States Court of Appeals,
Fifth Circuit.

Dec. 23, 1985.

Johnston & Younger, Jerry T. Johnston, Michael P. Younger, Brandon, Miss., for defendant-appellant.

George Phillips, U.S. Atty., James B. Tucker, Asst. U.S. Atty., Jackson, Miss., for plaintiff-appellee.

Before GARZA, POLITZ and HILL, Circuit Judges.

POLITZ, Circuit Judge.

Richard E. Schuster, M.D. was convicted of conspiracy and substantive counts involving the unlawful dispensing and distribution of controlled substances, 21 U.S.C. §§ 846 and 841(a)(1). The sentence imposed included a period of confinement, probation, and a fine of $100,000. Schuster appealed. Acting pursuant to a motion under Rule 38(a)(3) of the Federal Rules of Criminal Procedure, the district court entered an order directing Schuster, pending appeal, to deposit with the clerk of the district court, as assurance for the payment of the fine if the conviction were affirmed, the sum of $100,000 "to be held by the Clerk in an interest-bearing account pending final resolution of this matter." Schuster complied with this order and made the deposit.

On October 26, 1985, Richard E. Schuster died of injuries sustained two weeks earlier in an auto accident. Unaware of Schuster's death, on November 26, 1985, we filed our opinion, 777 F.2d 264, affirming the convictions. Our mandate has not yet issued. The executor of decedent's estate now seeks a dismissal of the appeal and a return of the monies deposited. The motion before us includes an official Certificate of Death issued by the Mississippi State Department of Health, Vital Records, attesting to Schuster's death.

Under the firmly established rule in this circuit, the death of a defendant pending conclusion of the direct criminal appeal abates, *ab initio*, not only the appeal, but the entire criminal proceeding. *United States v. Pauline*, 625 F.2d 684 (5th Cir. 1980); *United States v. Cammarata*, 721 F.2d 134 (5th Cir.1983). Consistent therewith, we vacate our opinion on direct appeal, dismiss the appeal as moot, and remand to the district court with instructions to vacate the convictions and to dismiss the subject indictment. In addition, the district court is to direct the clerk of the district court to deliver over to the appropriate legal representative of the estate of Richard E. Schuster the $100,000 deposited by the decedent as security for payment of the fine pending appeal, together with all interest earned thereon. *United States v. Morton*, 635 F.2d 723 (8th Cir.1980). With abatement of the criminal proceedings, that fine is no longer collectible and the security for its payment must be released.

Prior opinion VACATED; appeal DISMISSED as moot; matter REMANDED with instructions.