United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 4, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-41730
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO REYNA-BRECEDA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-719-ALL
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Ricardo Reyna-Breceda ("Reyna") was convicted after a guilty plea for illegal reentry, in violation of 8 U.S.C. § 1326. This court affirmed Reyna's sentence on direct appeal. See United States v. Reyna-Breceda, No. 02-41730 (5th Cir. Aug. 6, 2003) (unpublished). After we issued our opinion affirming the sentence but before we issued our mandate, Reyna died. Reyna's counsel has filed an unopposed suggestion of death and abatement of appeal, and motion to recall the mandate and dismiss the appeal with a remand

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to the district court to vacate the judgment and dismiss the indictment.

"It is well established in this circuit that the death of a criminal defendant pending an appeal of his or her case abates, <u>ab initio</u>, the entire criminal proceeding." <u>United States v. Asset</u>, 990 F.2d 208, 210 (5th Cir. 1993). Our control over an appeal continues until the mandate is issued, and "'where the mandate has not issued the availability of appeal has not yet been exhausted.'" <u>First Gibraltar Bank, FSB v. Morales</u>, 42 F.3d 895, 897 (5th Cir. 1995)(citation omitted). We may recall our mandate to prevent injustice. 5TH CIR. R. 41.2.

Given Reyna's death under the circumstances, the motion to recall the mandate is GRANTED, the appeal is DISMISSED, and we REMAND to the district court with instructions to vacate the judgment and dismiss the indictment. <u>See</u> <u>United States v. Schuster</u>, 778 F.2d 1132, 1133 (5th Cir. 1985); <u>United States v. Pauline</u>, 625 F.2d 684, 684-85 (5th Cir. 1980).

MOTION GRANTED; APPEAL DISMISSED; REMANDED WITH INSTRUCTIONS.