

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-29-2006

# USA v. DeMichael

Precedential or Non-Precedential: Precedential

Docket No. 04-1936

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. DeMichael" (2006). *2006 Decisions.* Paper 493.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/493

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-1936

———————

UNITED STATES OF AMERICA

v.

THOMAS DEMICHAEL

*Patricia DeMichael,
Appellant

*(Pursuant to Court Order dated 7/17/06)

———————

Appeal from the United States District Court
for the District of New Jersey
(D.C.  Criminal No. 01-cr-00197-9)
District Judge: Honorable Dickinson R. Debevoise

———————

Argued July 13, 2006

Before:  SLOVITER, McKEE and RENDELL,
Circuit Judges.

(Filed August 29, 2006)

Mary Gibbons      **[ARGUED]**
600 Mule Road
Holiday Plaza III
Toms River, NJ  08757
  *Counsel for Appellant*

George S. Leone
Mark E. Coyne     **[ARGUED]**
Office of the U.S. Attorney
970 Broad Street, Room 700
Newark, NJ 07102
  *Counsel for Appellee*

OPINION OF THE COURT

RENDELL, *Circuit Judge*.

Thomas DeMichael died after he filed a timely appeal from the sentence imposed as a result of his conviction on federal gambling charges.  Although DeMichael appealed only his fine and not his conviction, his personal representative, Patricia DeMichael, moves to abate his conviction along with the fine, and to remand his case to the District Court for dismissal of his indictment.  Although presented in a motion, we write precedentially to resolve this issue, as it presents a unique fact pattern not previously considered by our court.  We will

2

deny the motion insofar as it asks us to abate his conviction, but will remand to the District Court to abate the fine. We will dismiss DeMichael's appeal as moot.

**I**.

DeMichael pleaded guilty, in November 2003, to aiding and abetting an illegal gambling business, in violation of 18 U.S.C. § 1955[1] and § 2.[2] On March 22, 2004, the United States District Court for the District of New Jersey sentenced DeMichael to twelve months and one day in prison, three years of supervised release, a $5,000 fine and a $100 special assessment. DeMichael filed a notice of appeal on April 2, 2004, and submitted his opening brief to this Court on October 5, 2005.[3] After completing his prison sentence, DeMichael died on January 30, 2006. His appeal, which challenged only the $5,000 fine, was still pending. DeMichael's attorney filed a motion for substitution of personal representative Patricia DeMichael, which we granted. Patricia DeMichael now claims

---

[1] "Whoever conducts, finances, manages, supervises, directs, or owns all or part of an illegal gambling business shall be fined under this title or imprisoned not more than five years, or both." 18 U.S.C. § 1955.

[2] "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." 18 U.S.C. § 2.

[3] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

3

that an appeal of *any* portion of the judgment qualifies DeMichael for wholesale abatement of his conviction and any remaining punishment. For the reasons set forth below, we disagree.

## II.

The abatement rule is grounded in procedural due process concerns. When a defendant dies pending an appeal, "'the interests of justice ordinarily require that he not stand convicted without resolution of the merits of his appeal, which is an integral part of our system for finally adjudicating his guilt or innocence.'" *United States v. Christopher*, 273 F.3d 294, 296-97 (3d Cir. 2001) (quoting *United States v. Moehlenkamp*, 557 F.2d 126, 128 (7th Cir. 1977)). The courts of appeals largely agree that abatement *ab initio* is the appropriate rule when a defendant dies while his appeal of right is pending. *See United States v. Pogue*, 19 F.3d 663 (D.C. Cir. 1994); *United States v. Schuster*, 778 F.2d 1132 (5th Cir. 1985); *United States v. Oberlin*, 718 F.2d 894 (9th Cir. 1983); *United States v. Morton*, 635 F.2d 723 (8th Cir. 1980); *United States v. Pauline*, 625 F.2d 684, 685 (5th Cir. 1980); *Moehlenkamp*, 557 F.2d 126. Our court has followed this well established rule: "[W]here a convicted criminal defendant dies after filing an appropriate appeal, the conviction will be abated and the case remanded to the district court with instructions to dismiss the indictment." *Christopher*, 273 F.3d at 297. *See also United States v. Dwyer*, 855 F.2d 144, 145 (3d Cir. 1988) (reciting the traditional rule that a criminal conviction abates when the defendant dies prior to the resolution of his or her direct appeal). Additionally, we have held that all criminal forfeitures and fines, except for retribution payments,

are subject to abatement.  *Christopher*, 273 F.3d at 297.

We agree that DeMichael's fine is no longer payable after his death, and that, whatever the procedural posture of the case, a defendant's death necessarily forestalls any further punishment.  *See Morton*, 635 F.2d at 725 ("[A]n uncollected fine in a criminal case is comparable to the balance of the defendant's prison sentence; the . . . fine, like the remaining sentence, abate[s] with death."); *United States v. Bowler*, 537 F. Supp. 933, 935 (N.D. Ill. 1982) (noting that a criminal fine is not awarded as compensation to the United States; rather, it is a punishment for which there is no justification after defendant's death).  There is no justice in punishing a defendant's family for his offense.  *Dwyer*, 855 F.2d at 145 (Sloviter, J., concurring).  Thus, it is clear that DeMichael's fine, which constituted part of his punishment, should be abated.

However, it does not follow that DeMichael's conviction should also be abated.  Our decision in *Christopher* held only that a defendant who files an "appropriate appeal" is entitled to have his conviction abated.  273 F.3d at 297.  In *Christopher*, the defendant appealed his *conviction* on the merits after pleading "not guilty" to each count of the indictment.  Brief of Appellant at 1, 4, *United States v. Christopher*, No. 98-6504 (3d Cir. Sept. 26, 2000).  Because he died before we were able to rule on his appeal, we considered the appeal to be appropriate for purposes of abating his conviction and remanded the case to the district court with instructions to dismiss the indictment.  *Christopher*, 273 F.3d at 297.

When a defendant appeals the judgment of conviction itself, as was the case in *Christopher*, or files a general notice of appeal but dies before submitting an opening brief, the possibility remains that the conviction itself might be overturned. *See, e.g., Pogue*, 19 F.3d at 664 ("[A]ppellant had filed a timely appeal before his death; the appeal was not withdrawn; and, had he lived, appellant *could have* challenged the plea agreement and the underlying conviction, his sentence and/or the terms of the restitution." (emphasis added)). However, DeMichael's appeal presents no such possibility. In his brief, DeMichael clearly stated that the *only* issue he was appealing was the propriety of the fine.[4] Thus, he waived his right to appeal his conviction. *See Laborers' Int'l Union of N. Am. v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court.").

This is not a case in which "death has deprived the accused of his right to our decision." *Moehlenkamp*, 557 F.2d

---

[4] DeMichael's brief stated: "This case presents a single issue for review by this court, namely: Whether the district court erred . . . in imposing a $5,000 fine as an element of the sentence," Appellant's Br. at 2, and "This appeal does not challenge the determination or imposition of the offense level. Rather, it is limited solely to the District Court's process in selecting the amount of the fine to be imposed within the guideline range prescribed for the agreed offense level," Appellant's Br. at 5 n.2 (emphasis added).

at 128. Rather, the narrow scope of DeMichael's appeal produced that result. Abating his conviction would grant relief that he did not seek, and that he could not possibly have obtained as a result of his appeal. We therefore conclude that DeMichael's appeal was not an "appropriate appeal" for the purposes of abating his conviction. *See Christopher*, 273 F.3d at 297. Accordingly, we will deny the motion to abate DeMichael's conviction, remand this case to the District Court with instructions to abate the fine, and we will dismiss his appeal as moot.