NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1630
_____

CHARMAINE KLATCH-MAYNARD

v.

ENT SURGICAL ASSOCIATES HAZLETON HEALTH & WELLNESS CENTER;
D. O. THOMAS G. POLLACK, Hazleton Health & Wellness Center;
D. O. DARREN J. HOHN, Hazleton Health & Wellness Center; HAZLETON HEALTH &
WELLNESS CENTER

Charmaine Klatch,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 09-cv-01963)
District Judge:  Honorable A. Richard Caputo
_____

Submitted Under Third Circuit LAR 34.1(a)
December 14, 2010

Before:  RENDELL, JORDAN, and HARDIMAN, *Circuit Judges*.

(Filed:  December 15, 2010 )

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Charmaine Klatch appeals from the judgment of the District Court dismissing her myriad federal and state discrimination claims. On appeal, Klatch argues only that the District Court erred in dismissing her claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* (ADA). Essentially for the reasons articulated by the District Court, we will affirm.

I.

Because we write for the parties, we recount only the essential facts and we accept all well-pleaded facts as true in light of the District Court's dismissal under FED. R. CIV. P. 12(b)(6). Klatch suffers from, *inter alia*, reflex sympathetic dystrophy, for which she has a trained and certified service dog named "Liesel." Klatch alleges that in early October 2007, the Appellees—a medical facility (ENT Surgical Associates and Hazleton Health & Wellness Center) and two physicians (Thomas G. Pollack, and Darren J. Hohn)—twice refused her access to their services and premises because she was accompanied by her service dog, and that they sent her a letter to the same effect on October 10, 2007.

Nearly two years later,[1] on October 9, 2009, Klatch filed a complaint and then an amended complaint in the Middle District of Pennsylvania, along with a motion for leave to proceed *in forma pauperis*. Appellees failed to file any response either in the District Court or in this Court.

Magistrate Judge Thomas Blewitt recommended that Klatch's motion for leave to proceed *in forma pauperis* be granted, but that all of her claims be dismissed with prejudice for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6) and 28 U.S.C. §1915(e)(2)(B). *Klatch-Maynard v. ENT Surgical Associates*, C.A. No. 09-1963, 2009 WL 5743182 (M.D. Pa. Dec. 9, 2009). Specifically, Magistrate Judge Blewitt recommended that Klatch's ADA claims be dismissed because he found that her claim was "seemingly pursuant to 42 U.S.C. § 12112(a)," a provision of Title I of the ADA, and Klatch was not an employee of the Appellee Defendants. *Id.* at *8-*9. Likewise, he recommended than any claim under 42 U.S.C. § 12132, a provision of Title II of the ADA and the only specific provision cited by Klatch, should be dismissed because none of the Appellee Defendants were "public entities" within the meaning of Title II. *Id.* at *9.

Klatch filed an objection to Magistrate Judge Blewitt's Report and

---

[1] Because the ADA does not contain a statute of limitations, we apply the two year Pennsylvania statute of limitations for personal injury claims and claims under the Pennsylvania Human Relations Act, 42 Pa. Cons. Stat. § 5524(2); 43 Pa. Cons. Stat. § 962(c)(2) (PHRA). *See Disabled in Action of Pennsylvania v. Southeastern Pennsylvania Transp. Authority* 539 F.3d 199, 208 (3d Cir. 2008) (holding that "the statute of limitations applicable to claims under Title II of the ADA . . . is the statute of limitations for personal injury actions in the state in which the trial court sits").

Recommendation, mentioning for the first time two other sections of the ADA, namely, 42 U.S.C. §§ 12181(7)(F) and 12182. These sections are part of Title III of the ADA, which prohibits discrimination by public accommodations including physician's offices. Judge Richard Caputo issued a Memorandum and Order modifying Magistrate Judge Blewitt's Report and Recommendation, denying Klatch *in forma pauperis* status, and dismissing the case. *Maynard v. ENT Surgical Associates*, C.A.No. 09-1963, 2010 WL 419441 (M.D. Pa. Jan. 26, 2010). Judge Caputo adopted Magistrate Judge Blewitt's recommendation dismissing any claims under Title II of the ADA, since none of the Appellee Defendants were public entities. *Id.* at *2-*3. As for any other potential ADA claims, Judge Caputo found:

> Plaintiff's Amended Complaint also broadly cites the ADA and PHRA, without citing to any specific statutory sections other than the aforementioned inapplicable ADA section. Federal Rule of Civil Procedure 8(a)(2) requires a short plaint [sic] statement of the claim showing that the pleader is entitled to relief.
> Both the ADA and PHRA cover a host of situations in which a disabled person might be entitled to relief against discrimination, such as with public accommodations, employment situations, and public entities. However, without a citation to a specific statutory section it is impossible for this Court, or the Defendants for that matter, to know precisely the claim that Plaintiff is attempting to make. As such, any claims brought by invoking the ADA and PHRA *in toto* necessarily fail to meet the basic notice pleading requirement envisioned in the Federal Rules of Civil Procedure. As such, Plaintiffs' [sic[2]] ADA and PHRA claims will be dismissed.

*Id.* Having found that Klatch had failed to state a claim upon which relief could be

---

[2] In her complaints, Klatch mistakenly refers to plural plaintiffs.

4

granted, Judge Caputo dismissed the case and denied her *in forma pauperis* status pursuant to FED. R. CIV. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). *Id.* at \*2, \*4.

A month after the case was closed, and one day after filing a notice of appeal, Klatch filed a second amended complaint. It was substantially similar to her earlier complaints, including all of the dismissed claims, but added specific references to 42 U.S.C. §§ 12181(7)(F) and 12182. The District Court struck the new complaint from the record because the case was already closed.

## II.

Magistrate Judge Blewitt correctly found that Klatch's amended complaint failed to state a claim under any provision of the ADA pursuant to which she purported to be proceeding. When faced with the recommendation that her amended complaint be dismissed, Klatch did not seek leave to amend under FED. R. CIV. P. 15(a). Instead, in her objection to Magistrate Judge Blewitt's Recommendation, she declared that "Plaintiff stands by the allegations contained in her complaint, and, furthermore, states that all of the paragraphs of her complaint speak for themselves in stating violations of statutes, and federal and state constitutions and common law." When Klatch then referenced 42 U.S.C. §§ 12181(7)(F) and 12182 for the first time, she insisted that her "complaint proceeds under this section [sic] of the Americans with Disabilities Act," although her pleading contained no reference to those sections, or any part of Title III of the ADA. *Id.* at 12.

5

Judge Caputo understandably did not treat Klatch's repeated declarations that her amended complaint was sufficient as a motion for leave to amend it a second time, although he could have. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008); *District Council 47 v. Bradley*, 795 F.2d 310, 316 (3d Cir. 1986). Instead, he considered Klatch's insistence that her amended complaint sufficiently stated a claim, and correctly found that it did not because it "fail[ed] to meet the basic notice pleading requirement envisioned in the Federal Rules of Civil Procedure." *Maynard v. ENT Surgical Associates*, 2010 WL 419441, \*3; *see Frederico v. Home Depot*, 507 F.3d 188, 192-93 (3d Cir. 2007) (holding that a plaintiff elected to stand on her complaint by failing to seek leave to amend before or after dismissal, and by maintaining throughout the pendency of litigation that her complaint's allegations were sufficient). Arguably, Judge Caputo should have acted *sua sponte,* granting Klatch leave to amend her complaint a second time or finding explicitly that such amendment would be inequitable or futile. *See Phillips*, 515 F.3d at 236; *District Council 47*, 795 F.2d at 316. However, given her professed intention to stand on her amended complaint, Klatch cannot expect relief in the form of leave to amend.

Nor has Klatch argued on appeal that she should have been granted leave to amend. Indeed, she contends repeatedly that "all of the paragraphs of her complaint speak for themselves in stating violations of statutes, and federal and state constitutions and common law." Appellant Br. at 6, 7. Klatch's continued insistence on the

6

sufficiency of her amended complaint, and her failure on appeal to even mention amending her complaint a second time, convince us that affirmance of the District Court's judgment is the proper course. *See* FED. R. APP. P. 28(a)(9)(A), (providing that an appellant's brief must contain*, inter alia* "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which appellant relies"); *United States v. Hoffecker*, 530 F.3d 137, 162-63 (2008) (holding that appellant waived an issue on appeal by failing to comply with FED. R. APP. P. 28(a)(9)(A)); *United States v. DeMichael*, 461 F.3d 414, 417 (3d Cir. 2006) ("An issue is waived unless a party raises it in its opening brief . . . ." (citation omitted)); *United States v. Irizarry*, 341 F.3d 273, 305 (3d Cir. 2003) ("An appellant who fails to comply with this requirement fails to preserve the arguments that could otherwise have been raised.").