**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1265
_____

IZZADEEN SHIABDEEN JAINUL ABDEEN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(A088-379-465)
Immigration Judge: Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 19, 2011

Before: AMBRO, ALDISERT and NYGAARD, Circuit Judges

(Opinion filed: October 31, 2011)
_____

OPINION
_____

PER CURIAM.

      Izzadeen Shiabdeen Jainul Abdeen ("Abdeen") petitions for review of a final

removal order entered by the Board of Immigration Appeals ("BIA"). For the reasons

1

that follow, we will deny the petition for review.

## I.

Abdeen, presently age fifty-two, is a native and citizen of Sri Lanka who entered the United States in 2007 on a non-immigrant visitor visa and overstayed. He submitted an application for asylum, which was referred to an Immigration Judge ("IJ"). Abdeen conceded before the IJ that he is removable as charged for overstaying his visa, and he pursued asylum, withholding of removal, and Convention Against Torture ("CAT") relief. The IJ denied relief after a hearing, concluding that, while Abdeen provided credible testimony about his experience as a wealthy businessman who was abducted and forced to pay a substantial ransom, he failed to establish that a statutorily protected ground was one central reason for his mistreatment, that he has a well-founded fear of future persecution in Sri Lanka, or that it is more likely than not that he would be tortured if repatriated. The BIA adopted and affirmed the IJ's decision, agreeing that Abdeen failed to show that a protected ground was one central reason for his mistreatment, or that there exists a likelihood of torture by or with the acquiescence of a government official. Abdeen timely petitioned for review.

## II.

We have jurisdiction under 8 U.S.C. § 1252(a)(1). When, as here, "the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). We review agency factual determinations for substantial

2

evidence and must accept those determinations as conclusive unless "a reasonable adjudicator would be compelled to arrive at a contrary conclusion." Mendez-Reyes v. Att'y Gen., 428 F.3d 187, 191 (3d Cir. 2005); see 8 U.S.C. § 1252(b)(4)(B). Factual determinations must be "supported by reasonable, substantial and probative evidence on the record considered as a whole . . . ." Kayembe v. Ashcroft, 334 F.3d 231, 234 (3d Cir. 2003). We review legal conclusions de novo, subject to established principles of deference. Patel v. Att'y Gen., 599 F.3d 295, 297 (3d Cir. 2010).

Abdeen first contends that the IJ applied an incorrect legal standard in addressing whether a statutorily protected ground was one central reason for his mistreatment. According to Abdeen, the IJ erred by using a "hierarchical order in analyzing the nexus requirement under the REAL ID Act by stating that the reason [for the persecution] should be the dominant one." Petitioner's Br. at 17. We conclude that we lack jurisdiction to review this issue because Abdeen failed to exhaust it. "A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right . . . ." 8 U.S.C. § 1252(d)(1). Abdeen did not raise, or even suggest, his "hierarchical order" argument in his notice of appeal or brief to the BIA. See App. at 10-21, 29. Consequently, we are precluded from reaching the merits of the issue. See Lin v. Att'y Gen., 543 F.3d 114, 120-21 (3d Cir. 2008).[1]

---

[1] If we were to reach the merits, we would agree with respondent that relief must be denied. The BIA addressed and rejected the merits of Abdeen's asylum claim based on an unambiguously correct statement of the "one central reason" standard, see App. at 3, and thus any perceived error in the IJ's articulation of that standard could be

3

Abdeen next contends that the IJ erred by focusing too heavily upon a letter that Abdeen submitted from Rauff Hakeem, a member of Sri Lanka's parliament, and he argues that the BIA and the IJ erred in analyzing the evidence showing that Abdeen was abducted for political reasons. See Petitioner's Br. at 17-30. We discern no error.

The record establishes that Abdeen was a successful businessman who owned a clothing factory in Sri Lanka. By his own account, Abdeen was "rich" and "able to live comfortably." App. at 150. In 2006, four or five individuals posing as police officers entered Abdeen's home on the pretext of conducting a search for illegal fabrics. These individuals proceeded to abduct Abdeen, and they held him for three days in handcuffs at an unknown location until Abdeen's wife paid one-half of a substantial ransom to secure his release. Abdeen had been a supporter of the Muslim Congress Party since 2001, and he testified that the kidnappers twice disparaged his party affiliation: once at the outset of the ordeal, when they "scolded" Abdeen and suggested that he used "illegal money" to support his party, App. at 104-05, 134-35; and a second time upon his release, when they told Abdeen to cease work for the party or he would be killed. Id. at 113, 135. Abdeen was released on the understanding that he would pay the other half of the ransom within ten days. Abdeen did not report the incident to the police. Instead, he closed his factory, went into hiding at the home of his brother in another city, and ultimately left the country. His wife and three children remain in Sri Lanka.

---

rejected as harmless. See Yuan v. Att'y Gen., 642 F.3d 420, 427 (3d Cir. 2011) ("[W]e will view an error as harmless and not necessitating a remand to the BIA when it is highly probable that the error did not affect the outcome of the case.").

Under the REAL ID Act of 2005, which applies here, Abdeen "must establish that . . . political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i). This standard requires that the applicant "establish more than that the persecutor is motivated 'in part' by a protected ground; 'asylum may not be granted if a protected ground is only an 'incidental, tangential, or superficial' reason for persecution of an asylum applicant." Li v. Att'y Gen., 633 F.3d 136, 142 n.4 (3d Cir. 2011) (quoting Ndayshimiye v. Att'y Gen., 557 F.3d 124, 130 (3d Cir. 2009)).

Applying this standard, the BIA agreed with the IJ that "the totality of the record indicates that [Abdeen] was kidnapped based on his apparent ability to pay a ransom," App. at 3, and that Abdeen failed to show that "a protected ground comprised at least 'one central reason' for his mistreatment." Id. Substantial evidence in the record supports these findings. As the IJ observed, "the bulk of the conversations [between Abdeen and his abductors] were about the money. There were only two references at most [to Abdeen]'s political group, without any discussion." App. at 53. Further, Abdeen's political affiliation was "referenced peripherally, … casually," and "[a]t no time was the money demanded in a way that was connected to [Abdeen]'s political party membership, or to [his] political opinions." Id. at 54.

Abdeen suggests that the IJ failed to consider the "totality of the evidence," Petitioner's Br. at 18, but we find no indication in the IJ's thorough analysis that this is so. Nor does it appear that the IJ placed undue emphasis on the Hakeem letter. As the IJ

explained, Abdeen's testimony conflicted in material respects with a supporting letter that he submitted from Hakeem, a Sri Lankan government official. In particular, Abdeen provided conflicting testimony with regard to whether the government had any role in his abduction. Hakeem expressed the view that Abdeen's abduction was part of an unfortunate trend in which "wealthy Tamil and Muslim businessmen had been abducted and ransom demanded by some unidentified groups in Sri Lanka." App. at 206. While noting the inconsistency between Abdeen's testimony (that the government was involved) and Hakeem's statement, the IJ concluded that the evidence taken as a whole, including Hakeem's letter, failed to show that Abdeen's political views were anything more than incidental or peripheral to the reasons for his abduction. This determination is consistent with the record, which, as the BIA fairly concluded, reflects that Abdeen's mistreatment was centrally motivated by his wealth, not his political views.

Abdeen cites to various portions of the record – including statements in his written asylum application, his testimony before the IJ, and his wife's affidavit – and argues that this evidence "compels a conclusion that [his] political activities was [sic] a central reason for the persecution." Petitioner's Br. at 30. We cannot agree. While there may be some evidence of record to support Abdeen's view of the incident, the record as a whole does not *compel* a reasonable adjudicator to conclude that political opinion was other than a small part of the motivation for the abduction. In short, what happened to Abdeen was certainly criminal and repugnant, but the evidence does not require that we overturn

6

the agency's refusal to grant asylum under the law.[2]

Abdeen next contends that the IJ erred in rejecting his claim of a well-founded fear of future persecution. Petitioner's Br. at 31-34. Because Abdeen failed to establish past persecution, he was not entitled to the presumption of a well-founded fear. See 8 C.F.R. § 1208.13(b)(1). The IJ rejected Abdeen's claimed fear of future persecution, observing that Abdeen did not receive any direct threats against his life after the abduction, that there was no evidence of efforts by the abductors to locate Abdeen, and that "the only reasonable interpretation of the events is that the individuals who abducted [Abdeen] have essentially 'settled' for half of the ransom demanded and not come looking for more." App. at 57. The IJ added that Abdeen's wife and children have not faced danger while living at the brother's home in Sri Lanka, and the IJ found that Abdeen can seek protection from the human rights commission and civil monitoring groups, as suggested by Hakeem in his letter. Finally, the IJ observed that any subjective fear that Abdeen might have of future kidnapping would not be based on a statutorily protected ground, and that Abdeen can safely relocate within Sri Lanka.

Abdeen argues that there is evidence that "unidentified people" came looking for him at his factory, that the IJ's finding that the abductors have "settled" for half payment

---

[2] Abdeen suggests that his abduction was also motivated by his race, nationality, or religion, see Petitioner's Br. at 29, but the record is clear that Abdeen failed to raise and exhaust this argument before the BIA, see 8 U.S.C. § 1252(d)(1), and, in any event, his mere "passing reference" to this new theory for his mistreatment is insufficient to obtain review in this Court. See United States v. DeMichael, 461 F.3d 414, 417 (3d Cir. 2006). Accordingly, we do not address this argument.

7

is "speculation," and that he cannot seek protection from the government because the human rights commission in Sri Lanka is ineffectual. Petitioner's Br. at 32-33. Abdeen also suggests that he cannot relocate within the country.

We are satisfied that substantial evidence supports the IJ's decision.[3] The well-founded fear standard requires a petitioner to show "both a subjective and an objective fear of future persecution" due to race, religion, nationality, membership in a particular social group, or political opinion. De Leon-Ochoa v. Att'y Gen., 622 F.3d 341, 356 (3d Cir. 2010). Here, there is no compelling or specific evidence of record that Abdeen's abductors have continued to pursue him, and it is undisputed that his wife and children have remained in Sri Lanka without incident, albeit in a different city. Further, as the IJ observed, even if Abdeen has a legitimate subjective fear that he would again be targeted in Sri Lanka, Abdeen has not presented objective evidence to establish that any future persecution would be on account of a statutorily protected ground.

In sum, we conclude that substantial evidence supports the denial of Abdeen's application for asylum. Given the higher standard of proof for withholding of removal, "an applicant who does not qualify for asylum also does not qualify for withholding of removal." Guo v. Ashcroft, 386 F.3d 556, 561 n.4 (3d Cir. 2004).

Finally, Abdeen argues that the IJ and the BIA erred in denying CAT relief, claiming that the agency employed an incorrect legal standard and that the evidence

---

[3] Because the BIA adopted the IJ's analysis on the well-founded fear of future persecution, we focus on the IJ's decision.

8

establishes that the Sri Lankan government fails to protect its citizens from, or is willfully blind to, abductions for ransom. Petitioner's Br. at 34-37. To qualify for protection under the CAT, Abdeen must prove that "it is more likely than not that he . . . would be tortured if removed to [Sri Lanka]." 8 C.F.R. § 1208.16(c)(2).

The BIA determined that Abdeen was not tortured in the past (a fact that Abdeen does not dispute), and that he is unlikely to be tortured in the future by or with the acquiescence of a government official. Abdeen argues that he meets the standard for CAT relief because "abduction for ransom is prevalent in Sri Lanka." Petitioner's Br. at 36. Abdeen fails, however, to point to evidence of record that links the government of Sri Lanka to the unidentified individuals who kidnapped him, or which establishes that those individuals are likely to kidnap him again. In addition, as the IJ found, while the evidence suggests that the Sri Lankan government might be "unable to control this rampant kidnapping for ransom . . . . [T]he inability of the government to control it is quite different from having a specific intent to allow individuals to be kidnapped for ransom, and there is no evidence that the government of Sri Lanka intends for those who have wealth . . . to suffer kidnaps for ransom." App. at 61; see Pierre v. Att'y Gen., 528 F.3d 180, 190 (3d Cir. 2008) (en banc) ("[A] petitioner cannot obtain relief under the CAT unless he can show that his prospective torturer will have the goal or purpose of inflicting severe pain or suffering."). We conclude, therefore, that the BIA properly rejected Abdeen's application for CAT relief. Cf. Pierre, 528 F.3d at 191 ("As Pierre is unable to show that the Haitian authorities specifically intend to cause him severe pain or

9

suffering, he cannot fulfill the specific intent requirement of the CAT.").

### III.

We have considered Abdeen's remaining arguments but conclude that they are without merit. For the foregoing reasons, we will deny the petition for review.

10