**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3197
_____

IZZADEEN SHIABDEEN JAINUL ABDEEN,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-379-465)
Immigration Judge:  Honorable Annie S. Garcy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 7, 2014
Before:  SMITH, GARTH and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 7, 2014)
_____

OPINION
_____

PER CURIAM

        Izzadeen Shiabdeen Jainul Abdeen ("Abdeen") petitions for review of the Board

of Immigration Appeals' denial of his motion to reopen.  For the reasons that follow, we

will deny the petition for review.

## I.

Abdeen, a citizen of Sri Lanka, arrived in the United States as a nonimmigrant visitor in January 2007 and received authorization to stay in the United States until April 23, 2007. In August of that year, he filed an affirmative application for asylum. The asylum officer denied his application and referred his case to Immigration Court. He was subsequently served with a notice to appear charging him with removability pursuant to 8 U.S.C. § 1227(a)(1)(B) for having stayed in the United States for a time longer than permitted. Although Abdeen conceded the charge in the notice to appear, he renewed his request for asylum and sought withholding of removal and relief under the Convention Against Torture ("CAT").

He based his asylum claim on a 2006 kidnapping in which he was held by unidentified individuals for three days until his wife paid a ransom. He suspected, but did not know with certainty, that the kidnapping was perpetrated by a group with connections to the Sri Lankan government. The Immigration Judge ("IJ") found Abdeen credible but concluded that he had been kidnapped for economic reasons rather than for his membership in a protected social group. The IJ also found that Abdeen failed to establish a well-founded fear of future persecution or that it was more likely than not that he would be subjected to torture upon his return. Accordingly, the IJ denied Abdeen's request for relief and ordered his removal to Sri Lanka. The Board of Immigration Appeals ("the Board") affirmed, and we denied Abdeen's petition for review, see Abdeen v. Att'y Gen., 449 F. App'x 181 (3d Cir. 2011).

More than a year later, Abdeen filed a counseled motion to reopen with the Board. Although he acknowledged that his motion was untimely, he sought an exception to the filing deadline on the basis of changed country conditions. Specifically, he asserted that new evidence demonstrated that the Sri Lankan government detains and tortures returned asylum seekers and that groups possibly associated with the government had increased abductions of Muslim businessmen for ransom. The Board determined that Abdeen's evidence did not demonstrate that the "arrest and detention of returned asylum seekers is a changed circumstance in Sri Lanka," as the report he relied on stated that the Sri Lankan government had a "history" of arresting and detaining returned asylum seekers. Moreover, the Board stated that detention for a short period of time would not amount to persecution, and that Abdeen failed to establish that he was similarly situated to those who have claimed to be tortured upon their return to Sri Lanka. With regard to his claim that abductions of businessmen have increased, the Board reiterated that Abdeen had previously failed to establish that his past abduction was motivated by his membership in a protected class, and it concluded that an "incremental" increase in abductions was "insufficient to meet the heavy burden of establishing changed circumstances." Finally, the Board determined that Abdeen had not established his prima facie eligibility for the relief he sought. For those reasons, the Board denied Abdeen's motion to reopen and declined to exercise its sua sponte authority to reopen proceedings. Through counsel, Abdeen filed a timely petition for review.

3

II.

We have jurisdiction under 8 U.S.C. § 1252,[1] and we review denials of motions to reopen under a deferential abuse of discretion standard.[2] See Sevoian v. Ashcroft, 290 F.3d 166, 170, 174 (3d Cir. 2002). "Discretionary decisions of the [Board] will not be disturbed unless they are found to be 'arbitrary, irrational or contrary to law.'" Tipu v. I.N.S., 20 F.3d 580, 582 (3d Cir. 1994). A motion filed more than 90 days after the final decision of the Board cannot be entertained unless it "is based upon changed country conditions proved by evidence that is material and was not available and could not have been discovered or presented at the previous proceeding." Pllumi v. Att'y Gen. of the U.S., 642 F.3d 155, 161 (3d Cir. 2011).

Abdeen does not dispute that his motion to reopen was filed more than 90 days after the Board's final decision, but he argues that country conditions in Sri Lanka have changed. In support of his claim, he submitted a June 2011 Amnesty International press release that expressed concern that 26 "mostly Tamil" rejected asylum seekers would face torture upon their return to Sri Lanka from the United Kingdom. The statement also noted that the Sri Lankan Government has a history of detaining and torturing returned asylum seekers. However, as the Board explained, the Amnesty International press

---

[1] We lack jurisdiction to review the portion of the Board's decision that denied sua sponte reopening. See Pllumi v. Att'y Gen. of the U.S., 642 F.3d 155, 159 (3d Cir. 2011).

[2] Because we find that the Board's decision was not arbitrary, irrational, or contrary to law, we do not reach the Board's alternative determination that Abdeen did not establish a prima facie case for asylum relief. See Sevoian, 290 F.3d at 169-70 (3d Cir. 2002) (stating the BIA may deny a motion to reopen in asylum cases where it determines that "the movant would not be entitled to the discretionary grant of relief.") (citing INS v.

4

release did not establish that country conditions had *changed* since his removal hearing in 2009; rather it demonstrated that the conditions have *persisted*.  See id. (concluding that the Petitioner had not established changed country conditions when "the conditions described have persisted," even though the evidence submitted by the Petitioner was not available to him at the time of his initial removal hearing).  Thus, even assuming that Abdeen presented objective evidence that the Sri Lankan government will know of his status as a returned asylum seeker, he has not proven that conditions in Sri Lanka have changed for returned asylum seekers.  See id.

Abdeen also argues that substantial evidence does not support the Board's conclusion that the increase in abductions of Muslim businessmen constitutes a changed country condition.  He believes that the Board held him to a heightened standard for showing his eligibility for reopening based on the increase of such abductions.  Abdeen submitted a press release from the Asian Human Rights Commission and a report of the Refugee Review Tribunal of Australia to demonstrate that the abductions of wealthy businessmen have increased and that members of the Tamil and Muslim communities are targeted in particular.  The documents also expressed concern that the Sri Lankan government was either complicit or collaborating with the groups of kidnappers.  However, the Asian Human Rights Commission press release stated that it has been urging the Sri Lankan government to prevent abductions and disappearances "for many years now," and the Refugee Review Tribunal stated that the "wave of abductions" dates

Abudu, 485 U.S. 94, 105 (1988))

back to mid-2006. Therefore, the increase in abductions predated Abdeen's initial immigration hearing and does not constitute a change in country conditions. See id.

After reviewing the record, it does not appear that the Board's decision was arbitrary, irrational, or contrary to law. See Tipu, 20 F.3d at 582. Accordingly, we will deny the petition for review.