**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1305
_____

STEPHEN UKO UDOH,
                            Appellant

v.

GLENN FERGUSON; ELIZABETH HOGAN;
TONI-LYNNE CALABRESE; ED MCGOWAN;
PENELOPE MAUER; NYDIA SANTOS;
PATRICIA FOUNDOS; ANN KLEIN FORENSIC CENTER
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-13-cv-07490)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 24, 2018
Before:  GREENAWAY, JR., RESTREPO and FUENTES, Circuit Judges

(Opinion filed October 26, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Stephen Uko Udoh appeals from an order of the United States District Court for the District of New Jersey, which dismissed certain claims in his civil rights complaint for lack of subject matter jurisdiction, under Fed. R. Civ. P. 12(b)(1), and dismissed the remaining claims for failure to state a claim upon which relief could be granted, pursuant to Fed. R. Civ. P. 12(b)(6).  We will affirm the District Court's judgment.

In December 2013, Udoh filed a pro se complaint complaining that the named Defendants[1] violated his constitutional rights and committed professional malpractice by detaining him at the Ann Klein Forensic Center between January 2012 and May 2013. He later amended that complaint to allege (without further explanation) that the Defendants unlawfully incarcerated him "even after Plaintiff was cleared twice by the IMAR-medication court to be transferred back to jail," and that they "conspired against Plaintiff" by saying that he "was sending a threatening letters to Judge Rubin without no proof of evidence to show."  Dkt. #4 at 1.  The complaint sought $15 billion in damages.

The Defendants filed a motion to dismiss.  The District Court dismissed with prejudice claims against the Ann Klein Center and against the Individual Defendants in their official capacities under the Eleventh Amendment, determining that the Court lacked jurisdiction to consider those claims.  See Fed. R. Civ. P. 12(b)(1).  As to Udoh's claims against the Individual Defendants in their individual capacities, the Court

---

[1] Although he named several Defendants, he did not explain who they were.  Apparently, they were affiliated with the Ann Klein Forensic Center, which was also named as a Defendant.

2

dismissed those claims under Fed. R. Civ. P. 12(b)(6) without prejudice to Udoh's filing of an amended complaint within 30 days. Udoh filed a timely notice of appeal, including a written notation that he would not amend his complaint.

We have jurisdiction under 28 U.S.C. § 1291.[2] We exercise plenary review over the District Court's dismissal of the complaint under Rules 12(b)(1) and 12(b)(6). See Free Speech Coal., Inc. v. Att'y Gen., 677 F.3d 519, 529-30 (3d Cir. 2012). But Udoh has given us nothing to review—his opening brief does not meaningfully challenge the District Court's determination that the Eleventh Amendment barred his suit against the Ann Klein Center and against the Individual Defendants in their official capacities, nor the Court's determination that he failed to state a claim as to the Defendants in their individual capacities. He has therefore waived any review of those determinations.[3] See

---

[2] Although some of Udoh's claims were dismissed without prejudice to amendment, "a dismissal with leave to amend will be treated as a final order if the plaintiff [as here] has elected to 'stand upon the original complaint.'" Frederico v. Home Depot, 507 F.3d 188, 192 (3d Cir. 2007) (citation omitted).

[3] In any event, if we were to review the rulings, we would discern no error in those determinations. The Ann Klein Forensic Center is a facility of the State of New Jersey. See N.J. Stat. Ann. § 30:1-7; cf. Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 255 (3d Cir. 2010) (determining that a center for youths who had been adjudicated delinquent, which was "an administrative agency without existence apart from the Commonwealth," was entitled to Eleventh Amendment immunity). For that reason, we would conclude that the District Court properly dismissed claims against the Center and against the Individual Defendants in their official capacities. We would further conclude that the District Court properly dismissed claims against the Individual Defendants for failure to state a claim, as Udoh's complaint was devoid of any information that would indicate the named individuals participated in denying him his civil rights. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (explaining that a complaint requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to survive a motion to dismiss).

3

United States v. DeMichael, 461 F.3d 414, 417 (3d Cir. 2006) ("An issue is waived

unless a party raises it in its opening brief, and for those purposes a passing reference to

an issue will not suffice to bring that issue before this court.") (citation and quotation

marks omitted).[4]

For the foregoing reasons, we will affirm the District Court's judgment.[5]

---

[4] We may excuse waiver in "extraordinary circumstances," but such circumstances are not present here. See United States v. Albertson, 645 F.3d 191, 195 (3d Cir. 2011) (noting that one factor to consider in excusing waiver is "whether failing to consider the argument would lead to a miscarriage of justice") (citation and quotation marks omitted).

[5] The wholly conclusory allegations of Udoh's brief—that his complaint should have been transferred because everybody in the Trenton court is racist—are baseless and do not merit our review.