**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1333
_____

DONALD EBNER,
                    Appellant

v.

THE BANK OF NOVA SCOTIA

On Appeal from the District Court
of the Virgin Islands
District Court No. 1-18-cv-00002
Magistrate Judge: The Honorable George W. Cannon

Argued December 11, 2019

Before: SMITH, *Chief Judge*, McKEE, and SHWARTZ, *Circuit Judges*

(Filed: January 9, 2020)

Vincent A. Colianni, II          **[ARGUED]**
Colianni & Colianni
1138 King Street
Christiansted, VI  00820
          *Counsel for Appellant*


Carol A. Rich                    **[ARGUED]**
Malorie R. Winne Diaz
Dudley Rich
5194 Dronningens Gade
Suite 3

St. Thomas, VI 00802
       *Counsel for Appellee*

———————————————

OPINION[*]

———————————————

SMITH, *Chief Judge.*

Donald Ebner claims that the Bank of Nova Scotia ("Scotiabank"), his mortgage servicer and escrow agent, failed to timely renew his property insurance in 2014, 2015, 2016, and 2017. As a result, he asserts that Scotiabank violated the Real Estate Settlement and Procedures Act ("RESPA") and the related contractual and fiduciary duties it owed Ebner. Because Ebner's claims are time-barred, we will affirm the District Court's order granting summary judgment to Scotiabank.

**I**

In July 2010, Ebner financed the purchase of a home in Estate Judith's Fancy, St. Croix with a mortgage from Scotiabank.[1] The mortgage agreement required Ebner to maintain insurance on the property and to make monthly payments into an escrow account. As the escrow agent, Scotiabank used the deposited funds to pay various expenses, including taxes and insurance premiums.

———————————————

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] As part of the mortgage package, Ebner certified his mailing address. All written communications between Scotiabank and Ebner regarding the mortgage were mailed to this address. There is no evidence that any items were returned undeliverable, and Ebner never attempted to change his mailing address.

Ebner arranged for an insurance policy from Real Legacy Insurance Company ("Real Legacy") on July 14, 2010. He made timely deposits into the mortgage escrow account, and Scotiabank paid the policy premium. A year later, Scotiabank received an insurance renewal certificate from Real Legacy, and it paid the insurance premium. Scotiabank continued to use escrow funds to pay the Real Legacy policy premium in 2012 and 2013.[2]

Scotiabank has no record of receiving an insurance renewal certificate from Real Legacy in 2014, and as a result, Scotiabank did not pay the policy premium that year.[3] Recognizing that Ebner's insurance might lapse, Scotiabank mailed him a notice on July 24, 2014 in the form required by RESPA. The notice informed Ebner that (1) his insurance policy was expiring, (2) Scotiabank did not have evidence that he had obtained new insurance, and (3) Scotiabank would purchase insurance for the property if he did not provide proof of coverage. Scotiabank mailed a second notice to Ebner on August 25, 2014. It requested that Ebner provide proof of insurance. If he failed to do so, Scotiabank would purchase coverage at his expense. On October 2, 2014, Scotiabank mailed a third notice to Ebner, apprising him that it had obtained insurance on the property. This letter included a copy of the new policy, recommended that Ebner obtain his own hazard insurance, and advised him that the "force-placed" policy would remain

_____

[2] It is unclear from the record whether Scotiabank received renewal certificates in 2012 or 2013.

[3] Ebner offers no evidence that Real Legacy sent a renewal notice to either Scotiabank or to him personally in 2014.

in effect until Ebner provided proof of other coverage.

Thereafter—from 2015 through 2017—Scotiabank mailed Ebner the required RESPA notices regarding the force-placed insurance policy.[4] Ebner never provided proof of other insurance coverage, so Scotiabank continued to renew the force-placed policy.

On September 19, 2017, Hurricane Maria struck St. Croix, causing damage to the mortgaged property. Ebner filed a claim with Real Legacy on September 27, 2017, but he was informed that his policy had lapsed for non-payment in July 2014. This is when Ebner alleges he became aware, for the first time, that Scotiabank had not renewed the Real Legacy insurance policy.[5] Ebner asked Scotiabank why it had allowed the policy to lapse. In response, Scotiabank provided Ebner with copies of its letters regarding his expiring insurance. At the same time, Scotiabank sought to evaluate the extent of damage to the property. Although Ebner did not submit any contractor's estimates, photographs, or other evidence detailing his losses, an insurance adjustor inspected the property and documented a loss totaling $254,882.32.

---

[4] Notices were mailed on June 1, 2015; May 5, 2016; May 30, 2016; May 31, 2017; and July 25, 2017.

[5] Ebner denies receiving any insurance related notices from Scotiabank; yet he concedes that all the letters were sent to the correct mailing address. If there is evidence that a communication was properly addressed, had sufficient postage, and was placed in the U.S. mail, a presumption of regularity arises that the addressee received the item. Denial of receipt, supported by no explanation or evidence, such as a recent change of address or problems with receipt of mail, is not sufficient to rebut the presumption. *See Santana Gonzalez v. Att'y Gen.*, 506 F.3d 274, 277-280 (3d Cir. 2007); *In re Cendant Corp. Prides Litig.*, 311 F.3d 298, 304-05 (3d Cir. 2002). Moreover, in September 2015, Ebner received an escrow refund check from Scotiabank, which he promptly deposited. The check was mailed to the same certified address as the insurance correspondence.

On January 30, 2018, Ebner sued Scotiabank in federal court, claiming that the failure to renew the Real Legacy insurance policy constituted a violation of RESPA (specifically 12 U.S.C. § 2605(g)), a breach of Scotiabank's fiduciary duty as his escrow agent, and a breach of contract. Scotiabank filed a motion to dismiss or, in the alternative, a motion for summary judgment. Both parties consented to jurisdiction by a U.S. Magistrate Judge, and oral argument occurred on December 19, 2018. The District Court granted summary judgment to Scotiabank on January 31, 2019. Ebner timely appealed.

On appeal, Ebner asserts that there was sufficient evidence for a reasonable jury to find that Scotiabank had violated RESPA and its contractual and fiduciary duties. Before we can examine each alleged violation, we must first determine whether Ebner's claims are time-barred.

## II

The District Court exercised subject matter jurisdiction over Ebner's claims based on 28 U.S.C. §§ 1331, 1367(a) and 48 U.S.C. § 1612(a). We have jurisdiction under 28 U.S.C. § 1291.

Review of an order granting summary judgment is plenary: "we apply the same standards that the District Court applied in determining whether summary judgment was appropriate." *Kelly v. Borough of Carlisle*, 622 F.3d 248, 253 (3d Cir. 2010). Thus, viewing the evidence in the light most favorable to Ebner, summary judgment is proper if there is no genuine issue as to any material fact such that Scotiabank is entitled to

judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).

### III

Claims[6] made under 12 U.S.C. § 2605(g)[7] have a three-year statute of limitations.[8]

Here, the District Court held that Ebner's RESPA claims were time-barred because the

only plausible violation occurred in July 2014, more than three years before Ebner filed

this suit.  While Ebner acknowledges that his 2014 claim may be time-barred, he argues

that Scotiabank's failure to pay the policy premium in 2015, 2016, and 2017 constitutes

violations that occurred within the statute of limitations under the separate accrual rule.[9]

---

[6] Ebner's claims, including his arguments relating to contractual and fiduciary duties, necessitate violations of RESPA.  Consequently, if Ebner's RESPA claims are time-barred, his other claims are also time-barred.  Even if these common law claims were not predicated upon RESPA, they would also fail because Scotiabank's failure to make payments after the policy lapse neither breached the mortgage agreement nor any fiduciary duty.

[7] That section reads, "If the terms of any federally related mortgage loan require the borrower to make payments to the servicer of the loan for deposit into an escrow account for the purpose of assuring payment of taxes, insurance premiums, and other charges with respect to the property, the *servicer shall make payments* from the escrow account . . . *as such payments become due*."  12 U.S.C. § 2605(g) (emphasis added).

[8] "Any action pursuant to the provisions of section 2605 . . . of this title may be brought . . . within 3 years in the case of a violation of section 2605 of this title . . . from the date of the occurrence of the violation[.]"  12 U.S.C. § 2614.

[9] We do not decide whether equitable tolling excuses Ebner's failure to file his claims within the three-year statute of limitations.  Ebner's briefs fail to raise equitable tolling.  So this potential argument is waived.  *See United States v. DeMichael*, 461 F.3d 414, 417 (3d Cir. 2006) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court." (internal quotation marks and citations omitted)).

Ebner's opening brief refers to the discovery rule only once in the questions presented section.  Beyond this, Ebner provides no argument as to why the discovery rule is relevant and dispositive.  This passing reference is also insufficient to adequately raise the issue for our consideration.  *See DeMichael*, 461 F.3d at 417.

6

We disagree.

Under the separate accrual rule, "when a defendant commits successive violations, the statute of limitations runs separately from each violation." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 671 (2014). This doctrine requires discrete unlawful acts, *Blake*, 927 F.3d at 706; only when each act individually violates the law does each act trigger its own limitations period. *Petrella*, 572 U.S. at 671.

Ebner argues that, based on Scotiabank's prior experience, the bank should have paid the Real Legacy insurance premium each July of 2014 through 2017—even though Scotiabank received no renewal notices. If Scotiabank was obligated under § 2605(g) to pay Ebner's insurance premium, then its failure to do so in 2014 was a discrete violation of RESPA. Once the policy had lapsed, however, Real Legacy would send no more renewal notifications and Scotiabank would expect to make no further payments to Real Legacy. There were no discrete violations of § 2605(g) in 2015, 2016, and 2017 because there was nothing to pay.[10] Therefore, Ebner must rely solely on Scotiabank's actions in

---

Moreover, this Court has previously determined that the discovery rule does not apply to RESPA. "[T]he discovery rule is not apt for RESPA claims because Congress specifically provided that the limitations period begins to run on the date of the occurrence of the violation. It is thus irrelevant for purposes of the statute of limitations in RESPA when a reasonable plaintiff would have discovered her claim." *Cunningham v. M&T Bank Corp.*, 814 F.3d 156, 162-63 (3d Cir. 2016) (internal quotation marks and citations omitted).

Additionally, Ebner correctly conceded that, under *Blake v. JP Morgan Chase Bank NA*, 927 F.3d 701, 706 (3d Cir. 2019), the continuing violation doctrine does not apply to the statute of limitations that governs a violation of § 2605(g).

[10] Importantly, Ebner provides no evidence that Scotiabank received policy renewal notices from Real Legacy in 2014 through 2017.

2014, which lie outside the three-year statute of limitations. The separate accrual rule does not spare Ebner's claims from being time-barred.

## IV

Ebner's claims are time-barred as a result of RESPA's three-year statute of limitations. We will affirm the District Court's order granting summary judgment to Scotiabank.