# United States Court of Appeals
## For the First Circuit

No. 17-6001

UNITED STATES,

Appellee,

v.

GARY LEE SAMPSON,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Leo T. Sorokin, U.S. District Judge]

Before

Lynch, Thompson, and Barron,
Circuit Judges.

Judith H. Mizner, Assistant Federal Public Defender, Sara M. Cohbra, and Madeline S. Cohen on brief for appellant.
Mark T. Quinlivan, Assistant United States Attorney, and Rachel S. Rollins, United States Attorney, on brief for appellee.

February 22, 2022

**PER CURIAM.** Gary Lee Sampson was twice sentenced to death by unanimous juries for committing two murders. The first sentence was initially upheld on appeal, United States v. Sampson, 486 F.3d 13, 18 (1st Cir. 2007), but after evidence was uncovered that a juror lied during voir dire, the sentence was vacated, Sampson v. United States, 724 F.3d 150, 156, 170 (1st Cir. 2013); United States v. Sampson, 820 F. Supp. 2d 151, 197 (D. Mass. 2011). Following retrial, a second jury again imposed a death sentence for one of the murders.[1] United States v. Sampson, No. 01-cr-10384, 2017 WL 3495703, at *1, *3 (D. Mass. Aug. 15, 2017). Sampson appealed from that sentence but did not contest the underlying convictions or separate life sentence. While his appeal was pending, Sampson died in prison on December 21, 2021. The government and Sampson's attorneys agree, correctly, that Sampson's underlying convictions and life sentence cannot be vacated. They disagree as to the disposition of the appeal from the death sentence. We dismiss that appeal as moot and decline to exercise our equitable discretion to vacate the death sentence.

After Sampson's attorneys informed us of his death, we ordered briefing on "the effect of [Sampson's] death on this appeal and on the underlying convictions." The government argues that

---

[1] Because the jury did not reach a unanimous recommendation for the other murder, the district court sentenced Sampson to life imprisonment for that offense.

Sampson's underlying conviction and separate life sentence may not be vacated because they were not challenged on appeal.  It contends that the case must be dismissed because it is moot and that we should not exercise our discretion to vacate the death sentence. Sampson's attorneys agree that the convictions and life sentence cannot be vacated.  They argue, in reliance on the doctrine of abatement ab intio, see generally United States v. Estate of Parsons, 367 F.3d 409 (5th Cir. 2004) (en banc), that the death sentence should be vacated.

We agree with both parties that the convictions and life sentence cannot, as a matter of law, be vacated.  See United States v. Brooks, 872 F.3d 78, 87-88 (2d Cir. 2017); United States v. DeMichael, 461 F.3d 414, 415-17 (3d Cir. 2006).

As to the death sentence, we agree with the government that the appeal is moot because we cannot "give any 'effectual relief' to the potentially prevailing party." Horizon Bank & Tr. Co. v. Massachusetts, 391 F.3d 48, 53 (1st Cir. 2004) (quoting Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992)).  Thus, we must dismiss the appeal as moot.  See id. at 55.  As Sampson's lawyers make no argument under United States v. Munsingwear, Inc., 340 U.S. 36, 40-41 (1950), as to why we must vacate the sentence in light of the appeal being moot, we decline to do so.

The appeal of the death sentence is <u>dismissed</u> as moot. We decline to exercise our equitable discretion to vacate Sampson's death sentence. His convictions, life sentence, and death sentence are not vacated and remain intact.  <u>So ordered.</u>