BLD-283                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2731
_____

KERRY X. MARSHALL, Minister,

Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS; SECRETARY OF
CORRECTIONS; JOHN DOE #1, Deputy Secretary of Eastern Region; ULLI KLEMM,
Director of Bureau of Treatment Services; JOHN DOE #2, #3 AND #4, Religious
Accommodation Review Committee members; JOHN KERESTES, SCI-Mahanoy
Superintendent; J. MACKNIGHT, SCI-Mahanoy Inmate Program Manager; JOHN DOE
#5, SCI-Mahanoy Food Service Manager; GRIEVANCE OFFICER JOHN DOE #6; SCI-
Mahanoy Major of the Guard; JOHN DOE #7, SCI-Mahanoy Deputy Superintendent for
Facility Management; JOHN DOE #8, SCI-Mahanoy Deputy Superintendent for
Centralized Services; DORINA VARNER, Department of Corrections Chief Grievance
Officer; BERNEDETTE MASON, SCI-Mahanoy Grievance Coordinator, sued in their
individual and official capacities
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 12-00351)
District Judge:  Honorable A. Richard Caputo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 13, 2012
Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Opinion filed September 27, 2012)

_____

OPINION
_____

PER CURIAM

Because we write primarily for the parties, who are fully familiar with the background of this case, we set forth only the facts and procedural history that are of central relevance to our decision. Appellant Kerry X. Marshall,[1] then an inmate at the State Correctional Institution at Fayette, filed a pro se civil rights complaint in the United States District Court for the Western District of Pennsylvania. Marshall brought claims for violations of his First and Fourteenth Amendment rights, pursuant to 42 U.S.C. § 1983, and for violations of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc-2000cc5, based on the defendants' alleged unlawful interference with his practice of a form of Islam while he was incarcerated at the State Correctional Institution at Mahanoy ("SCI-Mahanoy"). He brought his claims against certain correctional officers and staff at SCI-Mahanoy as well as the Pennsylvania Department of Corrections ("DOC") and certain of its employees. The case was

---

[1] Appellant filed his lawsuit under the name Kerry X, which does not match the name of any inmate in a state correctional institution in Pennsylvania. The District Court found that appellant's inmate number matches an individual named Kerry Marshall. Because Kerry Marshall is the legal name of the appellant while serving his present term of incarceration, the District Court referred to him by this name. We will do the same.

2

transferred to the United States District Court for the Middle District of Pennsylvania, which encompasses the location of SCI-Mahanoy, shortly after its filing.

Following the transfer, Marshall filed a motion for a preliminary injunction, see Fed. R. Civ. Pro. 65, in which he reiterated that the defendants' practices burdened beliefs and practices of the Nation of Islam by, among other things, requiring its adherents to practice with others of different Islamic beliefs. In an order entered May 15, 2012, the District Court denied Marshall's motion for a preliminary injunction as moot, because he is now incarcerated at the State Correctional Institution at Rockview, and no longer at SCI-Mahanoy. See Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993) (inmate's transfer to another institution moots his claim for declaratory or injunctive relief).

Marshall filed a motion for reconsideration, in which he argued that his transfer did not moot his claims for injunctive relief because he sought relief on a system-wide basis. The District Court denied the motion on the ground that because the allegations of the complaint were confined to events that occurred at SCI-Mahanoy, his transfer from that institution made his request for injunctive relief moot. The District Court also noted that neither of the two federal district courts that construed the claims considered them as a challenge to correctional policies statewide.

Marshall appeals and moves for the appointment of counsel. Our Clerk granted him leave to appeal in forma pauperis and advised him that the appeal was subject to

3

possible dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary action under Third Circuit LAR 27.4 and I.O.P. 10.6. We have jurisdiction under 28 U.S.C. § 1292(a)(1). Interlocutory orders granting or denying injunctions are appealable where the order relates to the relief ultimately sought by the claimant. Hershey Foods Corp. v. Hershey Creamery Co., 945 F.2d 1272, 1277-78 (3d Cir. 1991). The standard of review over the District Court's mootness determination is plenary. United States v. Gov't of Virgin Islands, 363 F.3d 276, 284 (3d Cir. 2004).

Marshall's Rule 65 motion for injunctive relief is moot for the reasons given by the District Court. The federal courts may adjudicate "only actual, ongoing cases or controversies." Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)). This "case or controversy" requirement requires that a party have a personal stake in the outcome through all stages, trial and appellate, of the proceedings. See id. The Supreme Court has stated that "a present, live controversy . . . must exist if we are to avoid advisory opinions on abstract propositions of law." Hall v. Beals, 396 U.S. 45, 48 (1969). That personal stake and present, live controversy is now absent from Marshall's case. He asked for an injunction that restrains SCI-Mahanoy officials from violating his civil rights, but he has now been transferred out from under their control. [2] Due to this change in circumstances, the

---

[2] Marshall did not claim any personal involvement by the Secretary of the DOC or by any other DOC officials not at SCI-Mahanoy in the alleged constitutional violations. See, e.g., Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Also, the Western

4

District Court was unable to fashion any form of meaningful relief against these defendants, and thus the motion for injunctive relief was moot.  See Artway v. Attorney Gen. of N.J., 81 F.3d 1235, 1246 (3d Cir. 1996).  We agree with the District Court that the allegations of the complaint appear to relate solely to SCI-Mahanoy rather than to a broader scheme in the entire statewide correctional system.

Accordingly, because the appeal does not present a substantial question, we will summarily affirm.  See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.  Appellant's motion for appointment of counsel is denied.

---

District of Pennsylvania had previously declined to allow Marshall to proceed as the representative of a class of Pennsylvania prisoners.  Given all this, a DOC-wide injunction would not have been appropriate.  See Hershey Foods Corp., 945 F.2d at 1277-78.