**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1928
_____

KERRY X. [Marshall],
Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
SECRETARY DEPARTMENT OF CORRECTIONS;
JOHN DOE #1, Deputy Secretary of Eastern Region;
ULLI KLEMM, Director of Bureau of Treatment Services;
JOHN DOE #2, #3 and #4, Religious Accommodation Review Committee members;
SUPERINTENDENT MAHANOY SCI;
J. MACKNIGHT, SCI-Mahanoy Inmate Program Manager;
JOHN DOE #5, SCI-Mahanoy Food Service Manager;
Grievance Officer JOHN DOE #6, SCI-Mahanoy Major of the Guard;
JOHN DOE #7, SCI-Mahanoy Deputy Superintendent for Facility Management;
JOHN DOE #8, SCI-Mahanoy Deputy Superintendent for Centralized Services;
DORINA VARNER, Department of Corrections Chief Grievance Officer;
BERNEDETTE MASON, SCI- Mahanoy Grievance Coordinator,
sued in their individual and official capacities
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-12-cv-00351)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 16, 2016
Before:  CHAGARES, KRAUSE and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 6, 2017)

———————

OPINION*

———————

PER CURIAM

Pro se appellant Kerry Marshall, who refers to himself as "Kerry X," is a Pennsylvania state prisoner who practices a form of Islam known as Muhammad's Temple of Islam ("MTOI"). He appeals from the District Court's order granting summary judgment against him in this civil rights action, which sought injunctive relief, declaratory relief, and monetary damages based on allegations that prison officials at the State Correctional Institution at Mahanoy ("SCIM") violated his constitutional and statutory rights. We will affirm the District Court's judgment.

We first consider the scope of this appeal.[1] In an earlier appeal, we determined that Marshall's motion for preliminary injunctive relief was moot, as he had been transferred out of SCIM. Marshall v. Pa. Dep't of Corr., 499 F. App'x 131, 134 (3d Cir.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's order granting summary judgment de novo and review the facts in the light most favorable to the nonmoving party. Burns v. Pa. Dep't of Corr., 642 F.3d 163, 170 (3d Cir. 2011). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

2012).[2] We see no reason why any of his complaints' claims for permanent injunctive relief should be treated any differently. We also find that Marshall's claims for declaratory relief are mooted by his transfer. See Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003). We noted in our previous opinion that we "agree[d] with the District Court that the allegations of the complaint appear[ed] to relate solely to [SCIM] rather than to a broader scheme in the entire statewide correctional system." Marshall, 499 F. App'x at 134. We will not reconsider these determinations. See Hamilton v. Leavy, 322 F.3d 776, 786-87 (3d Cir. 2003) (law-of-the-case doctrine limits relitigation to exceptional circumstances such as existence of new evidence); In re Continental Airlines, 279 F.3d 226, 232-33 (3d Cir. 2002) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.").

Remaining, then, are Marshall's claims for damages. Marshall's statutory claim fails, as damages are not available under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc. First, RLUIPA does not permit actions against State officials in their individual capacities. Sharp v. Johnson, 669 F.3d 144, 153 (3d Cir. 2012). And a claim for damages against State officials in their official capacities is barred by sovereign immunity. Sossamon v. Texas, 563 U.S. 277, 293 (2011).

---

[2] As we did in our earlier opinion, we will refer to the Appellant as Kerry Marshall, the

As for Marshall's claims for damages for constitutional violations, on appeal Marshall has abandoned, and therefore waived, his only exhausted claim: that SCIM's failure to provide MTOI-specific services violated his right to free exercise of religion. See United States v. DeMichael, 461 F.3d 414, 417 (3d Cir. 2006) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court."). The only issue that Marshall raises in his brief is the failure of the Pennsylvania Department of Corrections to allow the "observance of mandated annual congregational [Nation of Islam] Holy Days."[3] Marshall's original "Inmate Religious Accommodation Request Form" mentioned a few of the Holy Days that Marshall references in his brief. See Dkt. #125-1 at 66. But the grievance that Marshall filed after his Request was denied requested only separate services and did not include any mention of the Holy Days. See Dkt. #125-1 at 8. Exhaustion of administrative remedies is mandatory under the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a), and we may not excuse a failure to exhaust. See Ross v. Blake, 136 S. Ct. 1850, 1856-57 (2016).

For the foregoing reasons, we will affirm the District Court's judgment.

---

legal name under which he is serving his term of incarceration.

[3] Because of our disposition of the appeal, we need not determine whether there is a difference between MTOI and Nation of Islam.